# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS RINK, | : | CIVIL ACTION - LAW |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| | : | ELECTRONICALLY FILED |
| vs. | : | |
| | : | |
| NORTHEASTERN EDUCATIONAL | : | |
| INTERMEDIATE UNIT 19, LOUISE | : | |
| BRZUCHALSKI, ROBERT | : | |
| SCHWARTZ, JOSEPH MURRACO | : | |
| RICK BARONE,THOMAS CERRA, | : | |
| CY DOUAIHY, ERIC EMMERICH, | : | |
| HAROLD EMPETT, KATHLEEN | : | |
| GRANDJEAN, MICHAEL MOULD | : | |
| ELLEN NIELSEN, CHRISTINE | : | |
| PLONSKI-SEZER | : | NO:  3:14-CV-2154 |
| Defendants | : | |

## MOTION FOR SUMMARY JUDGMENT

1. After the Court's Decision on a Motion to Dismiss, the Plaintiff filed an Amended Complaint on December 28, 2015.  *See* Document No. 40.

2. After the filing of the Amended Complaint, the Defendant filed a Motion to Dismiss Count II of the Amended Complaint, alleging a procedural due process violation.

3. That motion is still pending before the Court.

4. The filing of this motion, which raises different issues, is not intended to moot the motion to dismiss.

5. The Amended Complaint alleges that Plaintiff has been employed with the NEIU since 1981. *See* Amended Complaint at 12.

6. There was never a written contract governing Plaintiff's employment.

7. The Board voted each year on how much to raise Plaintiff's salary.

8. In June 2010, Fred Rosetti, the Executive Director of the NEIU, retired and became under scrutiny.

9. Thereafter, Plaintiff alleges that he was involved in the investigation into Fred Rosetti.

10. That investigation was started when Defendant Louise Brzuchalski reported Fred Rosetti to law enforcement.

11. Count I of the Complaint alleges First Amendment violations against all of the Defendants as retaliation for Plaintiff testifying against Rosetti.

12. Count II alleges Due Process violations against all Defendants based upon an alleged failure to provide a hearing pursuant to §10-1089 of the Pennsylvania School Code.

13. Count III alleges civil conspiracy against all of the Defendants.

14. Count IV alleges a violation of the Pennsylvania Whistle Blower Act.

15. Count V of the Complaint has been dismissed.

16. Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no

genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

17. Initially, the moving party must show the absence of a genuine issue concerning any material fact. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

18. "Moreover, a party will not be able to withstand a motion for summary judgment merely by making allegations; rather, the party opposing the motion must go beyond its pleading and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial." In re Ikon Office Solutions, Inc., 277 F.3d 658, 666 (3d Cir. 2002) (*citing* Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986)).

19. "Only evidence sufficient to convince a reasonable factfinder to find all of the elements of [the] prima facie case merits consideration beyond the Rule 56 stage." Id. (internal quotation marks omitted).

20. Third Circuit stated in Lauren W. v. DeFlaminis, 480 F.3d 259, 272 (3d Cir. 2007), "[t]he fact is that in considering a motion for summary judgment the court should believe uncontradicted testimony unless it is inherently implausible even if the testimony is that of an interested witness."

21. Plaintiff has failed to present any facts to establish his claims and summary judgment is appropriate.

22. To state a First Amendment retaliation claim, a public employee plaintiff must allege "that his activity is protected by the First Amendment, and that the protected activity was a substantial factor in the alleged retaliatory action." Gorum v. Sessoms, 561 F.3d 179, 184 (3d Cir. 2009)(*citing* Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006)).

23. To establish the requisite causal connection for a retaliation claim predicated on the First Amendment, the plaintiff "usually must prove one of two things: (1) an unusually suggestive time proximity between the protected activity and the allegedly retaliatory action; or (2) a pattern of antagonism coupled with timing to establish a causal link." DeFranco v. Wolfe, 387 F. App'x 147, 155 (3d Cir. 2010) (*citing* Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)).

24. The evidence produced by Plaintiff in this matter has failed to establish a First Amendment violation.

25. As will be discussed in more detail in the Brief filed in support of this Motion, in accordance with the local rules, Plaintiff's claims for First Amendment Retaliation must be dismissed.

26. Similarly, Plaintiff cannot sustain a claim for civil conspiracy.

27. Absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit the act. Pelagatti v. Cohen, 370 Pa. Super. 422, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987).

28. As Plaintiff has failed to allege a constitutional violation, he cannot sustain a claim for conspiracy to violate his constitutional rights.

29. Furthermore, Plaintiff has failed to present any evidence to establish a conspiracy.

30. "To demonstrate a conspiracy under § 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law.'" Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993).

31. The evidence of record fails to establish that any of the Defendants reached an agreement to deprive him of constitutional rights.

32. Furthermore, there is no evidence to establish any actions taken by the Defendants in furtherance of the alleged conspiracy.

33. Therefore, as will be discussed in more detail in the Brief filed in support of this Motion, in accordance with the local rules, Defendant is entitled to summary judgment.

34. As indicated earlier, Defendant has a Motion to Dismiss pending regarding Plaintiff's procedural due process claim.

35. This Motion for Summary Judgment does not seek to moot that motion.

36. As that Motion raises issues with regard to whether Plaintiff has stated a claim upon which relief may be granted, it should still be decided by the Court.

37. To the extent the Court denies that Motion, the Defendants avers that they are entitled to summary judgment.

38. Plaintiff has not presented any evidence to establish a property interest or extraneous conditions from which a legitimate expectation of continued employment could be inferred.

39. As such, he was not entitled to any of the protections provided by 24 P.S. §10-1089 prior to his contract not being renewed.

40. 10-1089 of the School code does not provide a business administrator with employment for life absent misconduct. Knox v. Board of School Directors of Susquenita School District, 888 A.2d 640 (Pa. 2005).

41. Furthermore, Plaintiff has failed to present any evidence to establish a continued expectation in employment. Perry v. Sinderman, 408 U.S. 593, 600-603 (1972),

42. Because Plaintiff has failed to present any evidence to establish a due process violation, Defendants are entitled to summary judgment.

43. As will be discussed in more detail in the Brief filed in support of this Motion, in accordance with the local rules, Defendants are entitled to summary judgment.

44. Plaintiff has also failed to establish any evidence to support a claim for a Whistle Blower Act violation.

45. Plaintiff has presented no evidence that his termination was a violation of the Whistle Blower Act.

46. Pennsylvania's Whistleblower Law prohibits an "employer" from discriminating or retaliating against an employee "because the employee. . . makes a good faith report [of]. . . an instance of wrongdoing or waste." 43 Pa. Stat. Ann. § 1423.

47. Causation under the Whistleblower Law is proved in the same way as under Title VII and § 1983: temporal proximity and a pattern of antagonism. <u>McAndrew v. Bucks County Bd. of Comm'rs</u>, 982 F. Supp. 2d 491, 505 (E.D. Pa. 2013).

48. Plaintiff has failed to present any evidence to prove a whistleblower claim.

49. Furthermore, the Defendants have immunity for the Whistle Blower claim.

50. As will be discussed in more detail in the Brief filed in support of this motion, in accordance with the local rules, Defendants are entitled to summary judgment on Plaintiff's whistle blower claim.

51. The Defendants are also entitled to qualified immunity.

52. In deciding whether officials are entitled to claim qualified immunity, we engage in a three-part inquiry: (1) whether the plaintiffs alleged a violation of their statutory or constitutional rights; (2) whether the right alleged to have been violated was clearly established in the existing law at the time of the violation; and (3) whether a reasonable official should have known that the alleged action violated the plaintiffs' rights. <u>Rouse v. Plantier</u>, 182 F.3d 192, 196-97 (3d Cir. 1999).

53. As will be discussed in more detail in the brief filed in support of this motion, in accordance with the local rules, the Defendants are entitled to summary judgment based upon qualified immunity.

54. Plaintiff's Complaint also seeks punitive damages.

55. Under §1983, punitive damages are recoverable where the defendant's conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights. <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983)).

56. Because the Plaintiff has failed to present any evidence of evil motive or ill will, he is not entitled to punitive damages.

57. As such, as will be discussed in more detail in the Brief filed in support of this motion, in accordance with the local rules, Defendant's claim for punitive damages must be dismissed.

58. The Third Circuit has held that individual government defendants "in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (*quoting* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

59. Plaintiff has failed to present any evidence of personal involvement by the defendants.

60. Plaintiff has failed to present any evidence to support a claim for liability against the individual defendants based upon any of his causes of action.

61. As such, as will be discussed in more detail in the Brief filed in support of this motion, in accordance with the local rules, the claims against the individual Defendants must be dismissed.

WHEREFORE, the Defendants respectfully requests that the Court enter summary judgment and dismiss Plaintiff's claims with prejudice.

                      MARSHALL  DENNEHEY
                      WARNER COLEMAN & GOGGIN

By:_____
    William J. McPartland, Esquire
    Attorney I.D. No:  PA 94214
    P.O. Box 3118
    Scranton, PA  18505-3118
    (570) 496-4600