EXHIBIT "2"



## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS RINK<br>203 Northup Road<br>Dalton, PA 18414<br>　　　　Plaintiff<br><br>　　v.<br><br>NORTHEASTERN EDUCATIONAL<br>INTERMEDIATE UNIT 19, LOUISE<br>BRZUCHALSKI, ROBERT SCHWARTZ,<br>JOSEPH MURACCO, RICK BARONE,<br>THOMAS CERRA, CY DOUAIHY,<br>ERIC EMMERICH,HAROLD EMPETT,<br>KATHLEEN GRANDJEAN,<br>MICHAEL MOULD, ELLEN NIELSEN,<br>CHRISTINE PLONSKI-SEZER<br>1200 Line Street<br>Archbald, PA  18403<br><br>　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>JURY TRIAL DEMANDED<br><br>NO.　NO. 14-CV-02154 |

Expert Report
by
Stephen J. Scherf, CPA/ABV, CVA, CFE
November 12, 2015


ASTERION

## TABLE OF CONTENTS

1. BACKGROUND ......................................................................................................... 2

2. BASIS FOR ANALYSIS ............................................................................................ 3

3. ANALYSIS ................................................................................................................ 4

3.1.    The Auditors ................................................................................................... 5

3.2.    The July 2013 Improvement Plan .................................................................. 8

3.3.    The Shovlin Report ........................................................................................ 8

4. CONCLUSION ......................................................................................................... 10



www.asterion-consulting.com

215 S. Broad Street, 3rd Floor
Philadelphia, PA 19107

: 215 893 9901
/ 215 893 9903

**THOMAS RINK**
**v.**
**NORTHEASTERN EDUCATION INTERMEDIATE UNIT 19, ET AL.**

We have been engaged by counsel for Thomas Rink ("Rink" or "Plaintiff") in his suit against the Northeastern Education Intermediate Unit 19 ("NEIU"), Louise Brzuchalski, Robert Schwartz, Joseph Muracco, Rick Barone, Thomas Cerra, Cy Douaihy, Eric Emmerich, Harold Empett, Kathleen Grandjean, Michael Mould, Ellen Nielsen, and Christine Plonski-Sezer (collectively, "Defendants") to analyze the  information contained in the Schedule of Findings and Questioned Costs from the NEIU Financial Statements & Independent Auditors Report & Additional Information & Single Audit Report for the years ended June 30, 2012, 2013 and 2014, as well as letters prepared in conjunction with the audit report regarding certain items regarding the NEIU's internal control and operations findings that the auditor wished to report as a means of communicating constructive services in connection with Rink's duties as Fiscal Director/Business Administrator of the NEIU .

This report sets out the results of our analysis and is structured as follows:

1.   Background
2.   Basis for Analysis
3.   Analysis
4.   Conclusions
     Appendices

Financial & Economic Consultants Focused on Forensics, Valuation & Intellectual Property

## 1. BACKGROUND

The NEIU is part of the public school system in the Commonwealth of Pennsylvania and provides statutorily mandated educational services, such as the delivery of early intervention programs and services, special education programs, learning support, and life skills, to districts in Lackawanna, Wayne, Wyoming, Pike and Susquehanna County that cannot provide these specialized services themselves. The United States Department of Education, through grant programs administered by the Commonwealth of Pennsylvania Department of Education, provides federal funds to the NEIU to help finance the cost of a variety of educational and teacher enhancement programs.

Rink was continually employed by the NEIU from October 1981 until he was terminated effective June 30, 2014. During his tenure at the NEIU, Rink was promoted several times until he became the Fiscal Director/Business Administrator of the NEIU in May 1994.

In June 2010, Fred Rosetti ("Rosetti"), The Executive Director of the NEIU retired. Following his retirement, an investigation was launched into the practices of Rosetti. Rink fully cooperated in the investigation and claims that the NEIU Board became hostile to him and started discussions regarding having Rink terminated. In October 2012, Rosetti plead guilty on theft and mail fraud charges and admitted to allegations of misusing taxpayer money.

Bonita & Rainey, CPAs had been the auditors for numerous years and were replaced with Brian Kelly and Associates ("New Auditors") for the June 30, 2012 year-end audit. The fee quoted by the New Auditors for the June 30, 2012 year-end audit was $21,000. Before the New Auditors, the NEIU had received clean audits while Rink was the Fiscal Director/Business Administrator.

At the conclusion of the audit for the year ended June 30, 2012, the New Auditors identified 13 Findings and issued a letter identifying certain items regarding the NEIU's internal control and operations that the auditor wished to report as a means of communicating constructive services ("Management Letter").

In July 2013, the then-current Executive Director placed Rink on a corrective action plan concerning the issues raised by the New Auditors. In February 2014, Rink was informed that he either needed to take an early retirement package or that the Board was going to bring in an independent consultant to "point out any mistakes he may have made." Rink did not take the early retirement package, and on May 20, 2014 the Board voted to terminate Rink's employment as of June 30, 2014 without first providing Rink with notice of or an explanation of the reasons for his termination or an opportunity to respond and present reasons why he should not be terminated as required under 24 P.S. §5-514 and 24 P.S. §10-1089 of the Public School Code.

For the June 30, 2013 audit report, the number of findings and the comments in the Management Letter declined. The June 30, 2014 audit report contained no findings and I understand no Management Letter was issued.

## 2. BASIS FOR ANALYSIS

The analysis and opinions in this report are based primarily upon the documentation available to date, my independent research, education, and experience in performing similar financial analyses.

I have been qualified and have presented testimony on numerous occasions, including the presentation of financial analysis in courts throughout the United States. I am a Certified Public Accountant, past President of the Greater Philadelphia Chapter of the Pennsylvania Institute of Certified Public Accountants ("PICPA") and a past member of PICPA Council and the PICPA Executive Committee. In addition, I am a Certified Fraud Examiner, Certified in Financial Forensics, and have a Master of Science with a concentration in Finance and an Advanced Professional Certificate in Taxation. In my career, as a Senior Vice President of a $2.5 Billion thrift institution and as a Chief Financial Officer, I have overseen the human resource areas of organizations. Attached, as *Appendix A*, is my current *curriculum vitae* and information concerning my testimony history, publications and speaking engagements.

My analysis was based primarily on the documentation and information listed in ***Appendix B***. The documents and information utilized are the types of documents and information experts in my field typically rely upon in performing such an analysis. I have performed the analysis contained in this report with the information available to date. Accordingly, I reserve the right to amend this analysis and report should additional or updated information become available. When I testify at trial, I may illustrate testimony with demonstrative aids such as graphs, charts and/or slides.

Our firm is being compensated at our standard hourly rates for preparation of this report. My standard rate is $455 per hour. Our compensation is not contingent upon the outcome of this litigation. This report has been prepared in connection with the above referenced matter and should not be used for any other purpose without our express written consent.

## 3. ANALYSIS

I have been engaged to analyze the Schedule of Findings and Questioned Costs from the NEIU Financial Statements & Independent Auditors Report & Additional Information & Single Audit Report for the years ended June 30, 2012, 2013, and 2014 as well as letters prepared in conjunction with the audit report regarding certain items regarding the NEIU's internal control and operations that the auditor wished to report as a means of communicating constructive services in connection with Rink's duties as Fiscal Director/Business Administrator of the NEIU.

Rink graduated Wilkes University in May 1979 with a Bachelor's of Science degree majoring in accounting. Rink also received a Master of Business Administration from Wilkes University in May 1986. Rink is not a Certified Public Accountant and as a result has never performed an independent audit in accordance with Generally Accepted Auditing Standards or financial audits in accordance with Government Auditing Standards, issued by the Comptroller General of the United States.

CONFIDENTIAL

### 3.1. The Auditors

I understand that for approximately 10 years prior to the New Auditors, Bonita & Rainey, CPAs were the auditors for the NEIU. During that time period, with the exception of one of the first year's audits,[1] each of the audits did not contain any findings and there were no management letters issued by the auditor communicating constructive services in connection with Rink's duties as Fiscal Director/Business Administrator of the NEIU.[2] Moreover, Bonita & Rainey, CPAs had their work peer reviewed by Maulo & Company, Ltd.. In both 2009 and 2012, the Bonita & Rainey firm passed its peer review.[3] Excerpts from the 2012 opinion letter[4] can be found below:

> "In our opinion, the system of quality control for the accounting and auditing practice of Bonita & Rainey, in effect for the year ended May 31, 2012, has been suitably designed and complied with to provide the firm with reasonable assurance of performing and reporting in conformity with applicable professional standards in all material respects. Firms can received a rating of pass, pass with deficiency(ies) or fail. Bonita & Rainey has received a peer review rating of pass." [5]

I note that the Commonwealth of Pennsylvania, Office of the Budget, Comptroller Operations, and Bureau of Audits issued a letter to Bonita & Rainey relating to the June 30, 2009 audit of the NEIU. While the Bureau of Audits had concerns about certain Bonita & Rainey's documentation, it was ultimately satisfied with its inquiry.[6]

According to Brian Kelly's deposition, Lamanna, the Executive Director of the NEIU filed a complaint with the State Board of Accountancy concerning the difference in the number of findings between Bonita & Rainey and the New Auditors. In connection with the complaint, Brain Kelly and Brad Murray, met with Tom Bat. The issue being raised was why Bonita & Rainey did

---

[1] Bonita & Rainey suggested that the NEIU segregate certain duties of the staff. (October 5, 2015 Deposition of Thomas Rink, page 22.).
[2] During the time period Rink was the Fiscal Director/Business Administrator of the NEIU, the auditor previous to Bonita & Rainey raised no issues with the accounting methods of the NEIU. (October 5, 2015 Deposition of Thomas Rink, page 19.).
[3] Peer reviews are conducted every three years.
[4] Bonita & Rainey CPAs 2009 letter contained the same language other than the date.
[5] November 20, 2012 Peer Review Report prepared by Maulo & Company, Ltd.
[6] March 8, 2011 letter from Commonwealth of Pennsylvania to Bonita & Rainey.

not have findings in their prior audits.  According to Brian Kelly, we did it our way and Tom Rainey did it his way.  Also according to Brian Kelly, nothing came out of the State Board of Accountancy investigation.[7]

At his first meeting with the NEIU Finance Committee, Brian Kelly proclaimed that the books and records of the NEIU were unauditable.[8]  I understand that the New Auditors charged the NEIU approximately $45,000 in additional basic accounting fees.  The fees including charges for adjusting the June 30, 2011 audit and going through pretty much the entire NEIU general ledger on an account by account basis since they were not fully confident in its accuracy.  I note that despite having unauditable books and records, after approximately $66,000 in professional fees, the New Auditors were able to express the opinion that the financial statements "present fairly, in all material respects, the respective financial position of the government activities, the business-type activity, each major fund and the aggregate remaining fund information of the Northeastern Educational Intermediate Unit as of June 30, 2012, and the respective changes in financial position and cash flows, where applicable, and the respective budgetary comparison for the General Fund, thereof for the year then ended in conformity with accounting principles generally accepted in the United States of America."[9]

In performing an audit, the independent auditor must comply with applicable professional standards and must perform the audit in accordance with Generally Accepted Auditing Standards and in this case applicable Government Auditing Standards.  In conjunction with performing an audit, the auditor must exercise professional judgement.

The documents I have reviewed indicate there were 226 adjusting journal entries made during the June 30, 2012 audit and 49 adjusting journal entries during the June 30, 2013 audit.  It appears that many of the June 30, 2012 adjusting entries were a result of reclassifications, adjusting the balances to reconcile the books to the prior audit and holding the books open, resulting in no firm cutoff, at June 30.  I understand that the previous auditor, exercising professional judgement, allowed the

[7] August 19, 2015 Deposition of Brian Kelly, pages 67 – 70.
[8] August 19, 2015 Deposition of Brian Kelley, page 43 – 46.
[9] Independent Auditors Report for the period ended June 30, 2012 dated May 29, 2013.

practice of holding the books open while the New Auditor did not resulting in numerous adjustments. Several of the more significant adjustments included adjusting the Social Security tax calculations for a temporary two percent reduction in the tax, recording retiree benefits, recording a disputed phone bill and a change by the New Auditor from the historical practice regarding the recording of interfund transfers. The New Auditor's change in practice was a result of exercising professional judgement.

The June 30, 2012 audit report identified 13 findings. Findings 12-1, 12-2, 12-3, 12-9, 12-10 and 12-12 were identified as material weaknesses and findings 12-4, 12-5, and 12-8, 12-9, 12-10, and 12-12 were considered to be significant deficiencies by the New Auditor.[10]  The June 30, 2013 audit report identified 5 findings. Finding 13-1 was identified as a material weakness and findings 13-2 and 13-3 were identified as significant deficiencies. No findings were identified in the June 30, 2014 report and no letter was prepared in conjunction with the June 30, 2014 audit report regarding certain items regarding the NEIU's internal control and operations that the auditor wished to report as a means of communicating constructive services. As a result, at the time of Rink's termination, the New Auditor appeared satisfied with the operations of the Fiscal Department and, indirectly, Rink's performance of his duties as Fiscal Director/Business Administrator of the NEIU.

Based upon my analysis of the documents produced in this matter, it is clear that the professional judgement of the Bonita & Rainey firm was different than that of the New Auditors. Furthermore, based upon my analysis of the documents produced in this matter, it has not been established that the lack of findings on the part of the Bonita & Rainey firm represents anything more than a difference in professional judgement.

---

[10] It is unclear why a finding that was listed as a material weakness would also be listed as a significant deficiency since the definition of a material weakness is a higher threshold than that of a significant deficiency.

### 3.2. The July 2013 Improvement Plan

The June 30, 2012 audit report was not presented to the NEIU until May 2013. Subsequent to the presentation of the audit results, Clarence Lamanna, Executive Director of the NEIU, presented Rink with a corrective action plan that Rink agreed to work on. It appears that Rink was addressing the issues raised by the New Auditors prior to the corrective action plan being issued since the June 30, 2013 audit report contained significantly less findings than the June 30, 2012 audit report. Rink was provided with notice of his termination as of June 30, 2014 on May 21, 2014. It is clear that Rink had complied with the corrective action plan prior to his termination since the audit for the year ended June 30, 2014 contained no findings and there was no Management Letter issued by the New Auditor communicating constructive services in connection with Rink's duties as Fiscal Director/Business Administrator of the NEIU.

### 3.3. The Shovlin Report

Shovlin was contacted in February 2014 and issued an engagement letter dated March 21, 2014. The engagement letter provides:

> "Our services will be an independent review of the actions and activities of the Business Department of NEIU # 19 over the past 2 years, including that of its Business Manager, Thomas Rink. The nature of my services is such that I have been authorized to engage a Certified Public Accountant to assist me to perform the review in order to determine if any kind of corrective action or discipline is warranted after conducting the review, in which case NEIU # 19 would then hire independent legal counsel to serve as prosecutor if any due process hearing is required. My role in the matter is neutral and is to make findings of fact based on my review of the records and activities of the Business Department and Business Manager at NEIU # 19, to determine that the budget and finances of NEIU # 19 have been managed in a competent and proper manner and to determine what action, if any, would be warranted as a result of the investigation. This could include no action, a performance improvement plan, a suspension, a demotion or dismissal of the Business Manager, Thomas Rink,"

The Shovlin report states that "a normal amount if any given year would be a handful of adjusting journal entries or less, with 10 or more being unusual." Shovlin provides no basis for this statement. Based upon my experience with other fund accounting entities, it is not unusual for an auditor to propose numerous adjustments, especially to reclassify amounts between the various funds and contracts.

The Shovlin report indicates that no evaluation has been performed to determine the specific progress and the issues raised in the performance improvement plan ("PIP").[11]  The PIP mirrors the 13 findings of the June 30, 2012 audit and although Shovlin recognizes notable improvement, he diverts his analysis to how the PIP was developed.  According to Shovlin, had the NEIU engaged the proper people, the "PIP which would have been more thorough and addressed the salient points in a more precise manner, as well as a better action plan to address the issues raised as a result of the 6/30/12 independent audit.  This same outside expert should have been engaged to work with Tom Rink in my [Shovlin's] opinion, over the course of the 6/30/13 fiscal year.  If this was done, I [Shovlin] believe that substantially more progress could have been made by Tom Rink than was indeed the case."

Had Shovlin analysed Rink's performance against the PIP, Shovlin would have had to conclude, as I did, that significant progress had been made based upon the results of the June 30, 2013 audit.  Moreover, despite being tasked in March 2014 with looking at the past 2 years, the Shovlin report does not analyze what occurred from a financial standpoint during the June 30, 2014 fiscal year.  In other words, the Shovlin report fails to consider the full two year time period.  Had Shovlin performed a proper analysis including, as allowed under his engagement letter, employing a Certified Public Accountant to assist him in his investigation, he would have had to conclude, as the New Auditor did, that everything was corrected by the time Rink was terminated.[12]  Moreover, given Shovlin's analysis of the PIP, it would seem reasonable that Rink would have corrected the issues raised in the June 30, 2012 sooner than he did.

---

[11] July 2013 corrective action plan.
[12] The June 30, 2014 audit report contained no findings and n there was no management letters issued by the New Auditor communicating constructive services in connection with Rink's duties as Fiscal Director/Business Administrator of the NEIU.

## 4. CONCLUSION

Based on the preceding analysis, it is my opinion within a reasonable degree of professional certainty that at the time of the termination of Rink, he had successfully completed his July 2013 corrective action plan as demonstrated by the fact that the June 30, 2014 audit contained no findings and there was no Management Letter issued by the New Auditor communicating constructive services in connection with Rink's duties as Fiscal Director/Business Administrator of the NEIU.

Moreover, it is clear that the professional judgement of the Bonita & Rainey firm was different than that of the New Auditors. Furthermore, based upon my analysis of the documents produced in this matter, it has not been established that the lack of findings on the part of the Bonita & Rainey firm represents anything more than a difference in professional judgement.

Finally, Shovlin's report failed to properly assess the current state of the Business Department of the NEIU over the past 2 years, including that of its Business Administrator, Thomas Rink, since it failed to recognize that Rink had fully resolved all the issues identified in the July 2013 corrective action plan by the time he was terminated.

Stephen J. Scherf, CPA/CFF, CFE
Principal



ASTERION

PHILADELPHIA

215 S. Broad Street, 3rd Floor   t 215 893 9901
Philadelphia, PA 19107   f 215 893 9903

NEW YORK

575 Lexington Avenue, 4th Floor   t 646 495 9340
New York, NY 10022

## Appendix A
## Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CVA
**Principal**

sscherf@asterion-consulting.com

| | |
|---|---|
| **Biography** | Mr. Scherf has provided a wide array of accounting and consulting services to clients with an emphasis on business valuations, fraud investigations, bankruptcy, and litigation matters.   Mr. Scherf has testified on numerous occasions in arbitrations, depositions and Federal Court.   Mr. Scherf has taught for the American Institute of Certified Public Accountants, The National Association of Certified Valuators & Analysts and other professional organizations. |

Mr. Scherf's employment experience includes "Big Four," regional and a "boutique" accounting firm. In the private sector, Mr. Scherf held officer positions at a $2.5 billion financial institution, a major real estate developer and an investment firm.

**Professional Memberships**

- American Arbitration Association National Roster of Commercial Panel of Neutrals
- FINRA Public Arbitrator
- American Institute of Certified Public Accountants
- Pennsylvania Institute of Certified Public Accountants
- Turnaround Management Association

- National Association of Certified Valuators & Analysts
- American Bankruptcy Institute
- American College Board of Forensic Examiners
- Association of Certified Fraud Examiners
- Association of Insolvency and Restructuring Advisors
- Institute for Internal Controls

**Education**

Mr. Scherf has a B.B.A. in Accounting from Temple University (1980) and a Master of Science in Finance (1986) and an Advanced Professional Certificate in Taxation (1987) from Drexel University.  His education has been supplemented by various continuing education courses offered by a variety of professional organizations.  He has spoken before professional and educational groups on various aspects of business valuation, litigation consulting, fraud investigations and economic damages.

*Financial & Economic Consultants Focused on Forensics, Valuation & Intellectual Property*



ASTERION

## Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CTP, CVA
### Rule 26 Disclosure – Testimony

| Date | Jurisdiction | Type | Matter |
|------|-------------|------|--------|
| 2015 | Court of Common Pleas Philadelphia County, PA | Trial | Sandra Snitow v. Howard Snitow et al. |
| 2015 | United States District Court Eastern District of Pennsylvania | Deposition | Gratz College v. Synergis Education, Inc. |
| 2015 | United States District Court District of Utah | Deposition | N8 Medical, Inc. et al. v. Colgate Palmolive Company |
| 2015 | Court of Chancery State of Delaware | Trial | Currency, Inc. et al. v. API Technologies, Corp. et al. |
| 2015 | Court of Common Pleas Montgomery County, PA | Hearing | Joel Rosenwasser and Engraving Technologies, Inc. v. C.J.D., Inc. et al. |
| 2015 | Court of Common Pleas Luzerne County, PA | Hearing | Natalie Gunnshannon et al. v. Albert/Carol Mueller t/a McDonalds et al. |
| 2014 | Court of Common Pleas Northampton County, PA | Trial | John Cancelliere et al. v. Buckno Lipsicky & Company et al. |
| 2014 | United States District Court Eastern District of Pennsylvania | Trial | David's Bridal, Inc. v. CELS Enterprises, Inc. |
| 2014 | Court of Common Pleas Delaware County, PA | Hearing | Joseph F. Delaney, III v. F. Sean Bonner and Came Capital, LLC |


ASTERION

## Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CTP, CVA
### Rule 26 Disclosure – Testimony

| *Date* | *Jurisdiction* | *Type* | *Matter* |
|---|---|---|---|
| 2014 | United States District Court<br>Eastern District of Pennsylvania | Deposition | David's Bridal, Inc. v. CELS Enterprises, Inc. |
| 2014 | United States District Court<br>District of New Jersey | Hearing | United States of America v. Ashokkummar R. Babaria |
| 2014 | Court of Chancery<br>State of Delaware | Trial | Kathryn Mennen et al. v. Wilmington Trust Company et al. |
| 2014 | Court of Chancery<br>State of Delaware | Deposition | Kathryn Mennen et al. v. Wilmington Trust Company et al. |
| 2014 | United States District Court<br>Eastern District of Pennsylvania | Trial | Pure Earth, Inc. v. Gregory Call v. Pure Earth Inc., et al. |
| 2013 | Court of Common Pleas<br>Bucks County, PA | Trial | Brian Opielski and Trimline Windows, Inc. v. Dennis Teeling et al. |
| 2013 | Superior Court of New Jersey<br>Camden County | Trial | Ozcan Yildiz and Storm Master West v. Storm Master Co., Inc. et al. |
| 2013 | United States District Court<br>Eastern District of Michigan | Deposition | Fen F., LLc v. Taylor Gifts, Inc. |
| 2013 | United States District Court<br>District of Delaware | Deposition | Jonathan and Trude Yarger et al. v ING Bank, FSB |

ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CTP, CVA
### Rule 26 Disclosure – Testimony

| *Date* | *Jurisdiction* | *Type* | *Matter* |
|---|---|---|---|
| 2013 | Superior Court of New Jersey Camden County | Deposition | Ozcan Yildiz and Storm Master West v. Storm Master Co., Inc. et al. |
| 2013 | Court of Common Pleas Montgomery County, PA | Trial | Howard Lapensohn, Trustee v. Jill Lapensohn, Trustee et al. |
| 2013 | United States Bankruptcy Court Eastern District of Pennsylvania | Trial | In Re: Amy L Styer Commonwealth of Pennsylvania v. Amy L. Styer |
| 2012 | Court of Common Pleas Philadelphia County, PA | Hearing | Unicon Holdings, Inc. et al. v. New Start, LLC. |
| 2012 | United States Bankruptcy Court Eastern District of Pennsylvania | Trial | In Re: Amy L Styer Commonwealth of Pennsylvania v. Amy L. Styer |
| 2012 | Superior Court of New Jersey Law Division Middlesex County | Trial | Thomas J. Sharp & Associates, Inc. et al. v. JH Cohn LLP et al. |
| 2012 | United States Bankruptcy Court Southern District of Florida | Deposition | Maury Rosenberg v. DVI Receivables, XIV, LLC et al. |
| 2012 | Court of Common Pleas Bucks County, PA | Hearing | In Re: Charles J. Bozzo, Deceased |
| 2012 | United States Bankruptcy Court Eastern District of Pennsylvania | Hearing | 400 Walnut Associates, LP. |

ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CTP, CVA
### Rule 26 Disclosure – Testimony

| *Date* | *Jurisdiction* | *Type* | *Matter* |
| --- | --- | --- | --- |
| 2012 | United States Bankruptcy Court Eastern District of Pennsylvania | Deposition | 400 Walnut Associates, LP. |
| 2011 | Superior Court of New Jersey Law Division Camden County | Deposition | Camden County Community College et al. v Whitson's Food Service et al. |
| 2011 | United States District Court Eastern District of Pennsylvania | Trial | Pure Earth, Inc. v. Gregory Call v. Pure Earth Inc., et al. |
| 2011 | Court of Common Pleas Montgomery County, PA | Hearing | Ashley B. Fienman, et al. v. SCA, L.P. et al. |
| 2011 | Court of Common Pleas Berks County, PA | Trial | Commonwealth of Pennsylvania v. Wesley Snyder et al. |
| 2011 | United States Bankruptcy Court Eastern District of Pennsylvania | Hearing | 400 Walnut Associates, LP. |
| 2011 | United States Bankruptcy Court Eastern District of North Carolina | Hearing | Croatan Surf Club, LLC |
| 2011 | United States Bankruptcy Court Eastern District of Pennsylvania | Deposition | 400 Walnut Associates, LP. |
| 2011 | FINRA Arbitration Philadelphia, PA | Hearing | John and Eiko Nernoff v. William Lex |

ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CVA
**Rule 26 Disclosure – Publications**

| Date | Publication | Title |
|------|-------------|-------|
| 2011 | National Litigation Consultant's Review | Fair Value Accounting's Impact on Damages |
| 2010 | National Litigation Consultant's Review | Business Valuation in the "But For" World |
| 2007 | ABF Journal (Co-Author with G Urbanchuk) | Newton and Fraud: What Goes Up Must Come Down |

ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CVA

**Rule 26 Disclosure – Speaking Engagements**

| *Date* | *Description* | *Location* |
|---|---|---|
| 2015 | Pennsylvania Bar Institute<br>Tales from the Shareholder Wars | Philadelphia, PA<br>Mechanicsburg, PA |
| 2015 | Pennsylvania Bar Institute<br>Minority Shareholder Freezeout Litigation | Philadelphia, PA |
| 2015 | Pennsylvania Bar Institute<br>Commercial Litigation Institute – Damages and Remedies | Philadelphia, PA |
| 2015 | National Business Institute<br>Handling the Sale of a Business | Philadelphia, PA |
| 2014 | National Association of Certified Valuation Analysts<br>Solvency and Insolvency Testing | Webinar |
| 2014 | National Association of Certified Valuation Analysts<br>Advanced Valuation Applications and Models | New Orleans, LA |
| 2014 | Pennsylvania Institute of Certified Public Accountants<br>AICPA Testing for Goodwill Impairment Guide | Philadelphia, PA |
| 2014 | Montgomery County Bar Association<br>Intersection of Forensic Accounting and Bankruptcy | Norristown, PA |
| 2013 | Rutgers School of Law<br>Business Divorce | Camden, NJ |



ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CVA
### Rule 26 Disclosure – Speaking Engagements

| *Date* | *Description* | *Location* |
| --- | --- | --- |
| 2013 | National Association of Certified Valuation Analysts<br>Advanced Valuation Applications and Models | Chicago, IL |
| 2013 | Pennsylvania Bar Institute<br>Advanced Piercing the Corporate Veil | Philadelphia, PA |
| 2013 | Accounting for Lawyers<br>Schnader Harrison Segal & Lewis LLP | Philadelphia, PA |
| 2013 | Pennsylvania Bar Institute<br>Business Divorce | Mechanicsburg, PA |
| 2012 | National Association of Certified Valuation Analysts<br>Advanced Valuation Applications and Models | Philadelphia, PA |
| 2011 | Pennsylvania Institute of Certified Public Accountants<br>Ethics and Other Issues – An Update | Valley Forge, PA |
| 2011 | Pennsylvania Institute of Certified Public Accountants<br>Impairment Testing for Financial Reporting | Harrisburg, PA |
| 2011 | National Association of Certified Valuation Analysts<br>Advanced Valuation Applications and Models | Orlando, FL |
| 2011 | National Business Institute<br>Accounting 101 for Attorneys | Allentown, PA |

ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CVA
### Rule 26 Disclosure – Speaking Engagements

| Date | Description | Location |
|------|-------------|----------|
| 2010 | National Association of Certified Valuation Analysts<br>Advanced Valuation Applications and Models | Chicago, IL |
| 2010 | Pennsylvania Institute of Certified Public Accountants<br>Fair Value Measurements | Harrisburg, PA |
| 2010 | American Society of Appraisers - Southern<br>New Jersey Chapter<br>Lost Profits and Business Destruction Damage Claims | Cherry Hill, NJ |
| 2010 | Office of Auditor Accounts – State of DE<br>The Expert's Role and Testimony | Dover, DE |
| 2009 | National Association of Certified Valuation Analysts<br>Advanced Valuation Applications and Models | Jersey City, NJ |
| 2009 | Pennsylvania Institute of Certified Public Accountants<br>Financial Institutions Conference<br>Valuation and SFAS 141R | Hershey, PA |
| 2009 | Montgomery County Bar Association and the Greater<br>Philadelphia Chapter of the PICPA – Strategies for<br>Clients in the Current Economic Crisis | Norristown, PA<br>Philadelphia, PA |
| 2008 | National Association of Certified Valuation Analysts<br>Advanced Valuation and Case Study Workshop | San Diego, CA |



ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CVA
### Rule 26 Disclosure – Speaking Engagements

| _Date_ | _Description_ | _Location_ |
|---|---|---|
| 2008 | Pennsylvania Institute of Certified Public Accountants<br>Business Valuation Conference<br>FASB Valuation Issues | Harrisburg, PA |
| 2008 | Association of Government Accountants<br>Ponzi Schemes | Philadelphia, PA |
| 2007 | National Association of Certified Valuation Analysts<br>Advanced Valuation and Case Study Workshop | Washington, DC |
| 2007 | Fair Value Measurements SFAS 157<br>Pennsylvania Institute of Certified Public Accountants | Conshohocken, PA |
| 2007 | National Association of Certified Valuation Analysts<br>Normalizing and Projecting Earnings<br>Valuation Methods: Alternatives and Decision Criteria | Philadelphia, PA |
| 2007 | National Association of Certified Valuation Analysts<br>Advanced Valuation and Case Study Workshop | Brookfield, WI |
| 2006 | Discounting of Damages, Selecting Appropriate Discount<br>Rate - Forensic & Litigation Services Conference<br>Pennsylvania Institute of Certified Public Accountants | King of Prussia, PA |
| 2006 | Business Valuation: How to Make or Break Your Case<br>Montgomery County Bar Association<br>Pennsylvania Institute of Certified Public Accountants | Norristown, PA |



ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CVA
### Rule 26 Disclosure – Speaking Engagements

| *Date* | *Description* | *Location* |
|---|---|---|
| 2006 | National Business Institute<br>Financial Statement Analysis for the Non-Financial<br>Advisor in Pennsylvania | Philadelphia, PA |
| 2006 | National Association of Certified Valuation Analysts<br>Advanced Valuation and Case Study Workshop | San Antonio, TX |
| 2006 | National Association of Certified Valuation Analysts<br>Advanced Valuation and Case Study Workshop | Chicago, IL |
| 2005 | National Association of Certified Valuation Analysts<br>Valuation Methods:  Alternatives and Decision Criteria | Ft. Lauderdale, FL |
| 2005 | National Association of Certified Valuation Analysts<br>Valuation Methods:  Alternatives and Decision Criteria | Jersey City, NJ |
| 2005 | National Association of Certified Valuation Analysts<br>Advanced Valuation and Case Study Workshop | Philadelphia, PA |
| 2005 | Association of Government Accountants<br>Philadelphia Chapter<br>Business Valuation Fundamentals and Techniques | Lester, PA |
| 2005 | Association of Government Accountants<br>Philadelphia Chapter<br>Ownership and Acquisition Disputes and the Role of the<br>Forensic Accountant | Lester, PA |

**Thomas Rink v. Northeasterm Educational Intermediate Unit 19, et al.**
**Listing of Documents Received**
**Appendix B**

| Document Description | Bates Range |
| --- | --- |
| Complaint | |
| Plaintiffs Response to Defendants Interrogatories | |
| Deposition transcripts and exhibits, including | |
|    August 19, 2015 Deposition of Brain Kelly abd related exhibits | |
|    July 29, 2015 Deposition of George Shovlin and related exhibits | |
|    October 5, 2015 Deposition of Thomas Rink and related exhibits | |
| NEIU Financial Statements and Audite Reports June 30, 2012 | |
| PA Department of Education Report June 30, 2012 | |
| NEIU Financial Statements and Audite Reports June 30, 2013 | |
| PA Department of Education Report June 30, 2013 | |
| NEIU Financial Statements and Audite Reports June 30, 2014 | |
| Tom Rink Corrective Action Plan | |
| Brian Kelly CPA & Associates letters to Board of Directors | |
| Email to Jaudi@sweetsstevens.com | |
| Brian Kelly Emails | |
| 2009 and 2012 Peer Reviews for Bonita & Rainey | |
| March 8, 2011 letter to Bonita & Rainet CPA from Bureau of Audits of Commonwealth of Pennsylvania | |
| May 14, 2014 Report prepared by George F. Shovlin, Esquire | |